IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> JOHN SUGGS, <br><br> Defendant. | CRIMINAL ACTION <br> NO. 19-CR-00629 |

**ORDER**

**AND NOW**, this 6th day of January 2022, upon consideration of Defendant's Motion to Dismiss the Indictment (Doc. No. 166) and Motion to Return Personal Property Seized at the Time of Arrest (Doc. No. 167), it is **ORDERED** that both Motions (Doc. Nos. 166-67) are **DENIED without prejudice**.[1]

---

[1] Before the Court are two pro se motions filed by Defendant John Suggs. On March 5, 2020, Defendant was indicted on two counts of Hobbs Act Robbery and two counts of using a firearm while committing a crime of violence under 18 U.S.C. § 924(c)(1)(A). (Doc. No. 166 at 1-2.) Defendant pled not guilty to all charges. (Id. at 2.)

First, Defendant moves to dismiss his indictment for failure to state an offense under Federal Rule of Criminal Procedure 12(b)(3)(B). (Doc. No. 166.) Defendant argues that the Hobbs Act was enacted on June 25, 1948. (Id. at 5.) Subsequently, Congress enacted 18 U.S.C. § 2118, which made it a federal crime to rob a pharmacy. (Id.) Defendant argues that § 2118 preempted the Hobbs Act and he can no longer be charged under it. Therefore, the indictment should be dismissed. (Id.)

Second, Defendant moves for the return of his personal property that was seized at the time of his arrest. (Doc. No. 167.) Defendant claims that, during his arrest, the police seized $19,067 in United States currency. (Id. at ¶ 1.) According to Defendant, with the exception of $100, the balance of the money was not alleged in the indictment to have been taken during the commission of his purported crimes. (Id. at ¶ 2.) Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, "any property taken during an unlawful search and seizure may be returned to a defendant." (Id. at ¶ 3.) Defendant claims that he is entitled to the return of the balance of the money taken during his arrest. (Id. at ¶ 4.)

BY THE COURT:

\_\_\_/s/ Joel H. Slomsky_____
JOEL H. SLOMSKY, J.

---

In <u>Hall v. Dorsey</u>, the Court explained:

> Under federal law, a criminal defendant has the right to appear <u>pro se</u> or by counsel. This right is guaranteed both by the Constitution and by statute. The federal right, however, is disjunctive; a party may either represent himself or appear through an attorney. There is no right to "hybrid" representation — simultaneously <u>pro se</u> and by counsel.

534 F. Supp. 507, 508 (E.D. Pa. 1982) (citations omitted) (Giles, J.).

Defendant has a court-appointed attorney. His attorney has filed many pre-trial motions in this case. (<u>See</u>, <u>e.g.</u>, Doc. Nos. 102, 105, 156, 171.) Since Defendant is represented by counsel, he may not file motions <u>pro se</u>. Therefore, the Motions (Doc. Nos. 166-67) will be denied without prejudice.